(No. 80-CC-2086—

DRAVO MECHLING CORPORATION, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 17, 1981.*

BRADLEY, MCMURRAY, BLACK & SNYDER, for Claimant.

TYRONE C. FAHNER, Attorney General (JOHN R. FANONE, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim comes before the Court on a joint stipulation by the parties. The joint stipulation states as follows:

1. That the instant claim sounding in tort arose from a collision of a barge owned by Claimant with the Cass Street Bridge over the Sanitary and Ship Canal near Joliet, Illinois.

2. That on June 6, 1978, the barge, M/V Craig M was approaching said bridge and the pilot made the necessary signals to alert the bridge operator of the approach.

3. That the bridge operator acknowledged the approach with his signal and then began the process of opening the bridge.

4. That the first step in the bridge opening process was the lowering of a traffic gate.

5. That the bridge tender attempted to lower that gate but the mechanism failed to operate.

6. The bridge tender then signaled the barge to stop but because of the size and handling characteristics of such barges the pilot could not stop in time.

7. Both the bridge tender and the repair technician testified at depositions in this case.

8. Both testified that the mechanism failed due to a power surge and that the same situation had occurred in the past.

9. That in addition the policy for the bridge operation is to begin opening the bridge when the barge reaches a distance of 300 feet from the bridge.

10. That it is impossible for a barge to stop within 300 feet once the go ahead signal has been changed to stop because of a malfunction.

11. That Respondent agrees that the bridge malfunc-

tioned, that it had done so in the past and that the policy of operation did not allow for a safe stopping distance.

12. That the M/V Craig M was damaged in the collision and in addition was unable to operate and generate income during its repair.

13. That based upon the complaint, bill of particulars and discovery completed by both parties, the parties agree that an award of $4,500.00 is a fair and reasonable compensation.

14. That said sum further reflects both the actual or liquidated damages and the loss of income suffered by Claimant.

15. That the Claimant agrees to accept the award of $4,500.00 as full and final satisfaction of all claims arising out of the June 6, 1978, collision, waives and relinquishes any and all future claims arising out of said accident and releases the State from further liability for said accident.

16. That both parties waive the hearing in the cause and the submission of briefs.

17. That no other evidence will be presented to the Court.

18. That the facts of this cause are substantially similar to the case of *Sioux City and New Orleans Barge Lines, Inc. v. State* (1978), 32 Ill. Ct. Cl. 603, wherein the Court made an award for actual damage and loss of use.

19. That like the instant cause, the bridge tender in *Sioux City* signaled the go ahead, the bridge malfunctioned and the barge was unable to stop in time.

Although the Court is not obligated to accept a stipulation such as this and grant an agreed award, it does not lack authority to do so if the terms of the

stipulation appear to be fair and reasonable. It also has no desire to interpose a controversy between parties where none exists.

The recitation of agreed-upon facts in the above stipulation is reasonably thorough and affords a basis for granting an award based upon the negligence of the Respondent. The Court sees no grounds for questioning the accuracy of the above facts or the reasonableness of the agreed damages. Since both parties have had ample time to investigate the incident, conduct discovery, and analyze their respective positions we assume that the stipulation was entered into intelligently and with full knowledge of the facts and applicable law. We therefore accept the stipulation and approve the agreed award.

Claimant, Dravo Mechling Corp., is hereby awarded the sum of $4,500.00 (four thousand five hundred dollars and no cents) in full and final satisfaction of the instant claim.